IN THE CIRCUIT COURT OF THE TWENTHIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| DEVEON EDWARDS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No.: |
| | ) |
| SHOP N SAVE WAREHOUSE FOODS, INC., | ) |
| and SUPERVALU INC., | ) |
| | ) |
| Respondent. | ) |

No.: 16L 520

FILED
ST. CLAIR COUNTY
SEP 30 2016
13
CIRCUIT CLERK

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)

The undersigned, an attorney for the Plaintiff, reasonably believes and hereby certifies

that the damages for which Plaintiff prays in his Complaint exceed $50,000.00.


Respectfully submitted,

By: _____
Attorneys for Plaintiff

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
(618) 235-7622
F: (224) 603-8345
dseidman@seidmanlaw.net
IL ARDC No. 6308142

EXHIBIT
4

IN THE CIRCUIT COURT OF THE TWENTHIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DEVEON EDWARDS,                          )
                                         )
      Petitioner,                 )
                                         )
      v.                          )    No.: *16 L 520*
                                         )
SHOP N SAVE WAREHOUSE FOODS, INC.,       )
  and SUPERVALU INC.,                    )
                                         )
      Respondent.                 )

```
            FILED
        ST. CLAIR COUNTY

          SEP 3 0 2016

        Nahelah a. Clay
13         CIRCUIT CLERK
```

## COMPLAINT

NOW COMES Plaintiff, DEVEON EDWARDS, by and through his attorneys, Seidman Margulis & Fairman, LLP, and for his Complaint against the Defendants, SHOP N SAVE WAREHOUSE FOODS, INC., and SUPERVALU INC., states as follows:

**COUNT I – DEVEON EDWARDS vs. SHOP N SAVE WAREHOUSE FOODS, INC.**

    1.    At all times relevant to this Complaint, the Plaintiff, DEVEON EDWARDS, was a resident of St. Clair County, Illinois.

    2.    At all relevant times stated herein, the Defendant, SHOP N SAVE WAREHOUSE FOODS, INC., was a foreign corporation that conducted business in St. Clair County, Illinois.

    3.    At all relevant times stated herein, the Defendant, SUPERVALU INC. was a foreign corporation that conducted business in St. Clair County, Illinois.

    4.    At all relevant times stated herein, the Defendant, SHOP N SAVE WAREHOUSE FOODS, INC., owned, operated, managed and maintained a grocery store commonly known as Shop 'n Save located at 1028 Camp Jackson Road, Cahokia, St. Clair County, Illinois ("the Premises").

    5.    At all relevant times stated herein, the Defendant, SUPERVALU INC., owned, operated, managed and maintained the Premises, including the floors of the premises.

    6.    On or about August 8, 2015, Plaintiff, DEVEON EDWARDS, was lawfully walking on the floor of the Premises, shopping and/or purchasing items inside the Premises.

7.    At all times relevant stated herein, the Defendant, SHOP N SAVE WAREHOUSE FOODS, INC., by and through its agents, employees and assigns, owed a duty to exercise reasonable care in the operation, management, maintenance and control of the aforementioned grocery store so as to avoid the creation of hazards, and to keep the Premises free and clear of hazards, for those lawfully on the premises, including the Plaintiff, DEVEON EDWARDS.

8.    In violation of said duty, the Defendant, SHOP N SAVE WAREHOUSE FOODS, INC., by and through its agents, employees and assigns, committed one or more of the following negligent and careless acts and/or omissions, in that it:

    (a)    Failed to provide a good, safe and proper place for the Plaintiff to be, use, occupy and walk on while on the subject premises;

    (b)    Allowed food waste, garbage, blood, cleaning product, and/or another substance to exist and/or accumulate on the floor as a result of routine mopping of said floors when it knew, or in the exercise of reasonable care, should have known of such hazards;

    (c)    Failed to adequately inspect the floor of the Premises for food waste, garbage, blood, cleaning product, and/or another substance to be certain that they were in good, safe and proper condition;

    (d)    Failed to warn the Plaintiff and others of the unsafe, defective and dangerous condition of the Premises by placing a sign, cones, or other warning equipment;

    (e)    Failed to tape off, barricade, or otherwise prevent those persons lawfully on the Premises, such as Plaintiff, from stepping on food waste, garbage, blood, cleaning product, and/or another substance, when it knew, or in the exercise of ordinary care should have known, of the presence of the same on the floor of the Premises;

    (f)    Failed to adequately train its employees to inspect the floor of the Premises; and

    (g)    Failed to wait until there were no customers present, or a more appropriate time otherwise, to clean the floor with wet and/or slippery substances.

9.    As a direct and proximate result of one or more of the aforementioned negligent acts and omissions committed by the Defendant, SHOP N SAVE WAREHOUSE FOODS, INC., the Plaintiff was caused to violently slip and fall to the ground, sustaining injury.

10.     As a further direct and proximate result of one or more of the aforesaid careless and/or negligent acts and/or omissions of the Defendant, the Plaintiff, DEVEON EDWARDS, sustained severe and permanent injuries, suffered great pain and suffering, lost wages, has incurred and will continue to incur medical and related expenses, has sustained and will continue to sustain a loss of normal life, lost wages, and has become severely and permanently disfigured.

WHEREFORE, Plaintiff, DEVEON EDWARDS, requests that judgment be entered in her favor and against the Defendant, SHOP N SAVE WAREHOUSE FOODS, INC., for an amount in excess of the jurisdictional limits plus the costs of this suit.

### COUNT II – DEVEON EDWARDS vs. SUPERVALU INC.

1 - 6.     At all times relevant to this Complaint, the Plaintiff, DEVEON EDWARDS, was a resident of St. Clair County, Illinois.

7.     At all times relevant stated herein, the Defendant, SUPERVALU INC., by and through its agents, employees and assigns, owed a duty to exercise reasonable care in the operation, management, maintenance and control of the aforementioned grocery store so as to avoid the creation of hazards, and to keep the Premises free and clear of hazards, for those lawfully on the premises, including the Plaintiff, DEVEON EDWARDS.

8.     In violation of said duty, the Defendant, SUPERVALU INC., by and through its agents, employees and assigns, committed one or more of the following negligent and careless acts and/or omissions, in that it:

   (a)     Failed to provide a good, safe and proper place for the Plaintiff to be, use, occupy and walk on while on the subject premises;

   (b)     Allowed food waste, garbage, blood, cleaning product, and/or another substance to exist and/or accumulate on the floor as a result of routine mopping of said floors when it knew, or in the exercise of reasonable care, should have known of such hazards;

   (c)     Failed to adequately inspect the floor of the Premises for food waste, garbage, blood, cleaning product, and/or another substance to be certain that they were in good, safe and proper condition;

(d)     Failed to warn the Plaintiff and others of the unsafe, defective and
        dangerous condition of the Premises by placing a sign, cones, or other
        warning equipment;

(e)     Failed to tape off, barricade, or otherwise prevent those persons lawfully
        on the Premises, such as Plaintiff, from stepping on food waste, garbage,
        blood, cleaning product, and/or another substance, when it knew, or in the
        exercise of ordinary care should have known, of the presence of the same
        on the floor of the Premises;

(f)     Failed to adequately train its employees to inspect the floor of the
        Premises; and

(g)     Failed to wait until there were no customers present, or a more appropriate
        time otherwise, to clean the floor with wet and/or slippery substances.

9.     As a direct and proximate result of one or more of the aforementioned negligent

acts and omissions committed by the Defendant, SUPERVALU INC., the Plaintiff was caused to

violently slip and fall to the ground, sustaining injury.

10.     As a further direct and proximate result of one or more of the aforesaid careless

and/or negligent acts and/or omissions of the Defendant, the Plaintiff, DEVEON EDWARDS,

sustained severe and permanent injuries, suffered great pain and suffering, lost wages, has

incurred and will continue to incur medical and related expenses, has sustained and will continue

to sustain a loss of normal life, lost wages, and has become severely and permanently disfigured.

WHEREFORE, Plaintiff, DEVEON EDWARDS, requests that judgment be entered in

her favor and against the Defendant, SUPERVALU INC., for an amount in excess of the

jurisdictional limits plus the costs of this suit.

Respectfully submitted,

By: _____

Attorneys for Plaintiff

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
(618) 235-7622
F: (224) 603-8345
dseidman@seidmanlaw.net
IL ARDC No. 6308142



# SEIDMAN MARGULIS & FAIRMAN, LLP
### ATTORNEYS AT LAW

WWW.SEIDMANLAW.NET          CHICAGO · DEERFIELD · BELLEVILLE

20 SOUTH CLARK STREET
SUITE 700
CHICAGO, ILLINOIS 60603
TEL. 312.781.1977
FAX. 312.853.2187

*OF COUNSEL:*
EDWARD S. LICHTENSTEIN

September 28, 2016

St. Clair County Circuit Court
#10 Public Square
Belleville, IL 62220-1623

*16L520*

Attn: Circuit Clerk

Re: Deveon Edwards vs. Shop N Save Warehouse Foods, Inc. etc.
D/A: 8/8/15

Dear Clerk,

Enclosed please find the following:

FILED
ST. CLAIR COUNTY

SEP 3 0 2016

CIRCUIT CLERK

a.     Summons (8);
b.     Affidavit 222(b) (4);
d.     Complaints (6);
e.     Draft for $277.00 filing fee;

Please return filed stamped copies of everything in the enclosed self-addressed stamped envelope. Thank you for your cooperation.

Sincerely,
LAW OFFICES OF STEVEN J. SEIDMAN

Daniel R. Seidman

DRS:ms
Enclosures

**ST CLAIR COUNTY**
**TWENTIETH CIRCUIT COURT, KAHALAH A. CLAY**

RECEIPT #: C   000420766                    DATE: 09-30-2016              TIME: 14:48:29
RECEIVED OF: SEIDMAN MARGULIS & FAIRMAN LLP                              MEMO:
       PART. ID: 1006079
    BY CLERK: BJ
       CHECKS: A   10459                      $277.00

|       CASH       |      CREDIT      |      CHANGE      |      OTHER       |
|------------------|------------------|------------------|------------------|
|      $0.00       |      $0.00       |      $0.00       |      $0.00       |

| CASE NUMBER | EVENT | COURT/JUDGE | TAX NO. | AMOUNT |
|-------------|-------|-------------|---------|--------|
| 16-L-0520 | 2023 | PMT:CFIL COMPLAINT FILING FEE | | $277.00 |
| EDWARDS VS SHOP N SAVE | | | | |
| PARTY: EDWARDS DEVEON | | | | |

                                                  TOTAL RECEIPT...          $277.00

*   CHECK/CHEQUE IS CONDITIONAL PAYMENT
* PENDING RECEIPT OF FUNDS FROM BANK. *



# SEIDMAN MARGULIS & FAIRMAN, LLP
### ATTORNEYS AT LAW

WWW.SEIDMANLAW.NET                    CHICAGO   ·   DEERFIELD   ·   BELLEVILLE

20 SOUTH CLARK STREET
SUITE 700
CHICAGO, ILLINOIS 60603
TEL. 312.781.1977
FAX. 312.853.2187

Of Counsel:
EDWARD S. LICHTENSTEIN

October 20, 2016

St. Clair County Circuit Court
#10 Public Square
Belleville, IL 62220-1623

Attention:  Circuit Clerk

> Re:  *Edwards -vs- Shop N Save Warehouse Foods, Inc.,*
> *et al.*
> Case No. 16 L 520

Dear Clerk:

Enclosed please find original Summons and four copies each for Defendants, Shop N Save Warehouse Foods, Inc. and Supervalu, Inc.  Please issue these Summonses and return them to my office in the enclosed, self-addressed stamped envelope.

Should you have any questions, please do not hesitate to contact me at (618) 235-7622.

Sincerely,
SEIDMAN MARGULIS & FAIRMAN, LLP

*Daniel R. Seidman*

Daniel R. Seidman

DRS:acf



FILED
ST. CLAIR COUNTY
OCT 24 2016
CIRCUIT CLERK

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois      )
                       ) S.S.
County of St. Clair    )

Case Number ___16 L 520___

Amount Claimed _____

DEVEON EDWARDS,

SHOP N SAVE WAREHOUSE FOODS, INC.

and SUPERVALU, INC.,

VS

Plaintiff(s)                          Defendant(s)

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. __Daniel R. Seidman_____ Code _____
Address __110 West Main Street, Suite 110__
City __Belleville, Illinois 62220__ Phone __618-235-__
Add. Pltf. Atty. _____ Code __7622__

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Shop N Save Warehouse Foods, Inc.
      c/o CT Corporation System, Reg. Agent
ADDRESS 208 South LaSalle Street
        Suite 814
CITY & STATE Chicago, Illinois  60604

### SUMMONS COPY
To the above named defendant(s)......:

☐ **A.** You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
   This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

   This summons may not be served later than 30 days after its date.

WITNESS, _____10 -24- __ 20_16_

KAHALAH A. CLAY
CIRCUIT CLERK
Clerk of Court

SEAL

BY DEPUTY: _____Vickie Dazle_____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois    )
County of St. Clair   ) S.S.

Case Number _____ 16 L 520

Amount Claimed _____

DEVEON EDWARDS,

SHOP N SAVE WAREHOUSE FOODS, INC.

and SUPERVALU, INC.,

VS

Plaintiff(s)             Defendant(s)

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. Daniel R. Seidman _____ Code _____
Address 110 West Main Street, Suite 110
City Belleville, Illinois 62220 _____ Phone 618-235-
Add. Pltf. Atty. _____ Code 7622

## SUMMONS COPY

To the above named defendant(s)......:

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Supervalu, Inc.

     c/o CT Corporation System, Reg. Agent

ADDRESS 208 South LaSalle Street

     Suite 814

CITY & STATE Chicago, Illinois 60604

☐ A. You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 10-24 20 16

KAHALAH A. CLAY
CIRCUIT CLERK
Clerk of Court

SEAL

BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant
or other person)



IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
ST CLAIR COUNTY, ILLINOIS

INITIAL MANDATORY STATUS CONFERENCE SETTING ASSIGNMENT

| EDWARDS VS SHOP N SAVE | 16-L-0520 |

FILED
ST. CLAIR COUNTY

NOV - 2 2016

68                    CIRCUIT CLERK

TO:   A FILE COPY

Date : 12/19/2016          Time : 9:00 AM          Room : 403

The above-styled case is assigned to:  HON. VINCENT LOPINOT.

Counsel familiar with the case and authorized to act is ordered to appear for an Initial Mandatory Status Conference on the above date, time and courtroom pursuant to Local Rule 6.06, and Supreme Court Rule 218.

At the aforesaid conference the following shall be considered:

1.   Service upon all of the parties;
2.   Whether the case will be jury or no-jury;
3.   The nature, issues, and complexity of the case;
4.   Simplification of the issues;
5.   Amendments and challenges to the pleadings;
6.   Admissions of fact and documents;
7.   Limitations of discovery, including but not limited to written discovery, depositions, and opinion witnesses;
8.   Third parties;
9.   Scheduling of settlement conferences;
10.  Necessity of subsequent case management conferences;
11.  Trial settings.

Office of Chief Judge

L63

IN THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR
STATE OF ILLINOIS

DEVEON EDWARDS,                          )
                                         )
       Plaintiff,                        )
                                         )
vs.                                      )   Case No:      16-L-520
                                         )
SHOP N SAVE WAREHOUSE FOODS, INC., )   **JURY TRIAL REQUESTED**
and SUPERVALU, INC.                      )
                                         )
       Defendants.                       )

## ENTRY OF APPEARANCE

COME NOW Debbie S. Champion and Victor H. Essen, II and the Law Firm of Rynearson, Suess, Schnurbusch and Champion, L.L.C., and hereby enter their appearance on behalf of Defendant Supervalu, Inc. in the above matter.

RYNEARSON, SUESS, SCHNURBUSCH
& CHAMPION, L.L.C.

Debbie S. Champion, #6200693
Victor H. Essen, II, #6289442
500 N. Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / 314-421-4431 (FAX)
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorneys for Defendants*

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent via U.S. Mail, postage pre-paid, on this 23rd day of November, 2016 to:

Daniel R. Seidman, #6308142
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
618-235-7622 / 224-603-8345 (FAX)
dseidman@seidmanlaw.net
***Attorney for Plaintiff***

IN THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR
STATE OF ILLINOIS

DEVEON EDWARDS,                          )
                                         )
    Plaintiff,                       )
                                         )
vs.                                      )    Case No:      16-L-520
                                         )
SHOP N SAVE WAREHOUSE FOODS, INC., )        **JURY TRIAL REQUESTED**
and SUPERVALU, INC.                      )
                                         )
    Defendants.                      )

## **JURY DEMAND**

    COMES NOW Debbie S. Champion, Victor H. Essen, II, and the Law Offices of
Rynearson, Suess, Schnurbusch & Champion, L.L.C., and hereby requests a trial by twelve-
person jury on behalf of Defendant Supervalu, Inc.

RYNEARSON, SUESS, SCHNURBUSCH
& CHAMPION, L.L.C.

Debbie S. Champion, #6200693
Victor H. Essen, II, #6289442
500 N. Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / 314-421-4431 (FAX)
dchampion@rssclaw.com
vessen@rssclaw.com
***Attorneys for Defendants***

## CERTIFICATE OF MAILING

      The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent via U.S. Mail, postage pre-paid, on this 23rd day of November, 2016 to:

Daniel R. Seidman, #6308142
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
618-235-7622 / 224-603-8345 (FAX)
dseidman@seidmanlaw.net
*Attorney for Plaintiff*

IN THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR
STATE OF ILLINOIS

DEVEON EDWARDS, )
)
    Plaintiff, )
)
vs. )  Case No:    16-L-520
)
SHOP N SAVE WAREHOUSE FOODS, INC., )  **JURY TRIAL REQUESTED**
and SUPERVALU, INC. )
)
    Defendants. )

## ANSWER OF DEFENDANT SUPERVALU, INC. TO PLAINTIFF DEVEON EDWARDS' COMPLAINT

COMES NOW Defendant, Supervalu, Inc., by and through their undersigned counsel, and in response to Plaintiff Deveon Edwards' Complaint, states as follows:

### COUNT I – DEVEON EDWARDS vs. SHOP N SAVE WAREHOUSE FOODS, INC.

COMES NOW Defendant Supervalu, Inc., and in response to Count I of Plaintiff Deveon Edwards' Complaint and answers naught to the allegations contained in Count I of Plaintiff Deveon Edwards' Complaint in that the allegations of Count I are not directed to this Defendant. To the extent a response is required to the allegations of Count I, this Defendant denies each and every allegation of Count II.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendant Supervalu, Inc. prays to be dismissed together with its proper costs.

### COUNT II – DEVEON EDWARDS vs. SUPERVALU INC.

COMES NOW Defendant Supervalu, Inc, and in response to Count II of Plaintiff Deveon Edwards' Complaint states as follows:

1-6.     Defendant does not possess sufficient information to admit or deny the allegations contained in these paragraphs, and therefore denies the same. Defendant specifically denies the allegations of paragraph 5.

7.     Defendant denies the allegations contained in this paragraph.

8.     Defendant denies the allegations contained in this paragraph.

9.     Defendant denies the allegations contained in this paragraph.

10.     Defendant denies the allegations contained in this paragraph.

WHEREFORE, having fully answered Count II of Plaintiff Deveon Edwards' Complaint, Defendant Supervalu, Inc. prays to be dismissed together with its proper costs.

## AFFIRMATIVE DEFENSES

1.     For further answer and as an affirmative defense, Defendant states that Plaintiff's Complaint fails to state a claim for which relief can be granted under the law of the State of Illinois.

2.     For further answer and as an affirmative defense, Defendant states that, under 740 ILCS 100/2, it is entitled to a set off for any amounts paid by other tortfeasors.

3.     For further answer and as an affirmative defense, Defendant states that, under 735 ILCS 5/2-1116, plaintiff's recovery should be reduced by the amount of plaintiff's contributory fault in contributing to cause the alleged injury, if any, because plaintiff failed to exercise ordinary care and was negligent in that:

   a.  Plaintiff failed to keep a careful lookout;

   b.  The alleged hazard was open and obvious; and,

   c.  Plaintiff failed to avoid an open and obvious hazard

4.     For further answer and as an affirmative defense, Defendant states that, under 735 ILCS 5/2-1116, plaintiff's recovery is barred by plaintiff's contributory fault in excess of 50% in contributing to cause the alleged injury, if any, because plaintiff failed to exercise ordinary care and was negligent in that:

     a.   Plaintiff failed to keep a careful lookout;

     b.   The alleged hazard was open and obvious; and,

     c.   Plaintiff failed to avoid an open and obvious hazard.

5.     For further answer and as an affirmative defense, Defendant states that, under 735 ILCS 5/2-1117, it is not jointly and severally liable for any damages that are not medical or medically related in that this Defendant was less than 25% at fault for any alleged injury in this matter.

6.     For further answer and as affirmative defense, Defendant states the claim at issue is barred in its entirety in that the alleged hazard and/or defect was open and obvious.

7.     For further answer and as an affirmative defense, Defendant states that the claims against it are barred by the doctrine of sovereign immunity.

8.     Further answering, and as an affirmative defense, Defendant states that the sole proximate cause of any injuries sustained by Plaintiff were solely caused by the conduct of Plaintiff.

9.     Further answering and in the alternative, and as an affirmative defense, Defendant asserts that Plaintiff's claims and cause of action against this Defendant are barred in that the sole and direct proximate cause of any and all of Plaintiff's injuries were caused by the negligence of other Defendants.

10.     Further answering and in the alternative and as an affirmative defense, any injuries or damages allegedly sustained by Plaintiff was caused, in whole or in part, by third parties whose conduct constituted an intervening and superseding cause of Plaintiff's alleged injuries and damages such that liability cannot be imposed upon Defendant.

11.     Further answering and in the alternative and as an affirmative defense, Defendant reserves the right to supplement, or amend their affirmative and other defenses, and/or to add additional affirmative or other defenses, as discovery progresses and/or to conform to the evidence.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Supervalu, Inc. prays to be dismissed together with its proper costs.

RYNEARSON, SUESS, SCHNURBUSCH
& CHAMPION, L.L.C.

Debbie S. Champion,  #6200693
Victor H. Essen, II, #6289442
500 N. Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / 314-421-4431 (FAX)
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorneys for Defendants*

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent via U.S. Mail, postage pre-paid, on this ⟨23rd⟩ day of November, 2016 to:

Daniel R. Seidman, #6308142
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
618-235-7622 / 224-603-8345 (FAX)
dseidman@seidmanlaw.net
*Attorney for Plaintiff*

IN THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR
STATE OF ILLINOIS

DEVEON EDWARDS,                    )
                                   )
    Plaintiff,                     )
                                   )
vs.                                )   Case No:        16-L-520
                                   )
SHOP N SAVE WAREHOUSE FOODS, INC., )   **JURY TRIAL REQUESTED**
and SUPERVALU, INC.                )
                                   )
    Defendants.                    )

## ENTRY OF APPEARANCE

COME NOW Debbie S. Champion and Victor H. Essen, II and the Law Firm of Rynearson, Suess, Schnurbusch and Champion, L.L.C., and hereby enter their appearance on behalf of Defendant Shop n Save Warehouse Foods, Inc. in the above matter.

RYNEARSON, SUESS, SCHNURBUSCH
& CHAMPION, L.L.C.

Debbie S. Champion, #6200693
Victor H. Essen, II, #6289442
500 N. Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / 314-421-4431 (FAX)
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorneys for Defendants*

## <u>CERTIFICATE OF MAILING</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent via U.S. Mail, postage pre-paid, on this 23rd day of November, 2016 to:

Daniel R. Seidman, #6308142
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
618-235-7622 / 224-603-8345 (FAX)
dseidman@seidmanlaw.net
*Attorney for Plaintiff*

IN THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR
STATE OF ILLINOIS

| | | |
|---|---|---|
| DEVEON EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No:    16-L-520 |
| | ) | |
| SHOP N SAVE WAREHOUSE FOODS, INC., | ) | **JURY TRIAL REQUESTED** |
| and SUPERVALU, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## JURY DEMAND

COMES NOW Debbie S. Champion, Victor H. Essen, II, and the Law Offices of Rynearson, Suess, Schnurbusch & Champion, L.L.C., and hereby requests a trial by twelve-person jury on behalf of Defendant Shop n Save Warehouse Foods, Inc.

RYNEARSON, SUESS, SCHNURBUSCH
& CHAMPION, L.L.C.

Debbie S. Champion,  #6200693
Victor H. Essen, II, #6289442
500 N. Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / 314-421-4431 (FAX)
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorneys for Defendants*

Page **1** of **2**
**Cause No: 16-L-520**

## CERTIFICATE OF MAILING

The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent via U.S. Mail, postage pre-paid, on this 23rd day of November, 2016 to:

Daniel R. Seidman, #6308142
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
618-235-7622 / 224-603-8345 (FAX)
dseidman@seidmanlaw.net
*Attorney for Plaintiff*

IN THE TWENTIETH JUDICIAL CIRCUIT
COUNTY OF ST. CLAIR
STATE OF ILLINOIS

DEVEON EDWARDS, )
)
     Plaintiff, )
)
vs. )   Case No:   16-L-520
)
SHOP N SAVE WAREHOUSE FOODS, INC., )  **JURY TRIAL REQUESTED**
and SUPERVALU, INC. )
)
     Defendants. )

## ANSWER OF DEFENDANT SHOP N SAVE WAREHOUSE FOODS, INC. TO PLAINTIFF DEVEON EDWARDS' COMPLAINT

COMES NOW Defendant, Shop N Save Warehouse Foods, Inc., by and through their undersigned counsel, and in response to Plaintiff Deveon Edwards' Complaint, states as follows:

### COUNT I – DEVEON EDWARDS vs. SHOP N SAVE WAREHOUSE FOODS, INC.

COMES NOW Defendant Shop N Save Warehouse Foods, Inc., and in response to Count I of Plaintiff Deveon Edwards' Complaint states as follows:

1.    Defendant does not possess enough information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

2.    Defendant admits the allegations contained in this paragraph.

3.    Defendant admits the allegations contained in this paragraph.

4.    Defendant admits the allegations contained in this paragraph.

5.    Defendant denies the allegations contained in this paragraph.

6.    Defendant does not possess enough information to admit or deny the allegations contained in this paragraph, and therefore denies the same.

7.      Defendant answers naught the allegations contained in this paragraph in that such allegations call for a legal conclusion.  Insofar as any such allegations are deemed not to call for a legal conclusion, Defendant denies each and every such allegation herein.

8.      Defendant denies the allegations contained in this paragraph.

9.      Defendant denies the allegations contained in this paragraph.

10.     Defendant denies the allegations contained in this paragraph.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendant Shop n Save Warehouse Foods, Inc. prays to be dismissed together with its proper costs.

### COUNT II – DEVEON EDWARDS vs. SUPERVALU INC.

COMES NOW Defendant Shop N Save Warehouse Foods, Inc., and answers naught to the allegations contained in Count II of Plaintiff Deveon Edwards' Complaint in that the allegations of Count II are not directed to this Defendant.  To the extent a response is required to the allegations of Count II, this Defendant denies each and every allegation of Count II.

WHEREFORE, having fully answered Count II of Plaintiff's Complaint, Defendant Shop n Save Warehouse Foods, Inc. prays to be dismissed together with its proper costs.

### AFFIRMATIVE DEFENSES

1.      For further answer and as an affirmative defense, Defendant states that Plaintiff's Complaint fails to state a claim for which relief can be granted under the law of the State of Illinois.

2.      For further answer and as an affirmative defense, Defendant states that, under 740 ILCS 100/2, it is entitled to a set off for any amounts paid by other tortfeasors.

3.      For further answer and as an affirmative defense, Defendant states that, under 735 ILCS 5/2-1116, plaintiff's recovery should be reduced by the amount of plaintiff's contributory

fault in contributing to cause the alleged injury, if any, because plaintiff failed to exercise ordinary care and was negligent in that:

    a.  Plaintiff failed to keep a careful lookout;

    b.  The alleged hazard was open and obvious; and,

    c.  Plaintiff failed to avoid an open and obvious hazard

4.    For further answer and as an affirmative defense, Defendant states that, under 735 ILCS 5/2-1116, plaintiff's recovery is barred by plaintiff's contributory fault in excess of 50% in contributing to cause the alleged injury, if any, because plaintiff failed to exercise ordinary care and was negligent in that:

    a.  Plaintiff failed to keep a careful lookout;

    b.  The alleged hazard was open and obvious; and,

    c.  Plaintiff failed to avoid an open and obvious hazard.

5.    For further answer and as an affirmative defense, Defendant states that, under 735 ILCS 5/2-1117, it is not jointly and severally liable for any damages that are not medical or medically related in that this Defendant was less than 25% at fault for any alleged injury in this matter.

6.    For further answer and as affirmative defense, Defendant states the claim at issue is barred in its entirety in that the alleged hazard and/or defect was open and obvious.

7.    For further answer and as an affirmative defense, Defendant states that the claims against it are barred by the doctrine of sovereign immunity.

8.    Further answering, and as an affirmative defense, Defendant states that the sole proximate cause of any injuries sustained by Plaintiff were solely caused by the conduct of Plaintiff.

9.      Further answering and in the alternative, and as an affirmative defense, Defendant asserts that Plaintiff's claims and cause of action against this Defendant are barred in that the sole and direct proximate cause of any and all of Plaintiff's injuries were caused by the negligence of other Defendants.

10.     Further answering and in the alternative and as an affirmative defense, any injuries or damages allegedly sustained by Plaintiff was caused, in whole or in part, by third parties whose conduct constituted an intervening and superseding cause of Plaintiff's alleged injuries and damages such that liability cannot be imposed upon Defendant.

11.     Further answering and in the alternative and as an affirmative defense, Defendant reserves the right to supplement, or amend their affirmative and other defenses, and/or to add additional affirmative or other defenses, as discovery progresses and/or to conform to the evidence.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Shop n Save Warehouse Foods, Inc. prays to be dismissed together with its proper costs.

RYNEARSON, SUESS, SCHNURBUSCH
& CHAMPION, L.L.C.

Debbie S. Champion, #6200693
Victor H. Essen, II, #6289442
500 N. Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / 314-421-4431 (FAX)
dchampion@rssclaw.com
vessen@rssclaw.com
*Attorneys for Defendants*

## CERTIFICATE OF MAILING

     The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent via U.S. Mail, postage pre-paid, on this ___23rd___ day of November, 2016 to:

Daniel R. Seidman, #6308142
SEIDMAN MARGULIS & FAIRMAN, LLP
110 W. Main St., Ste. 110
Belleville, IL 62220
618-235-7622 / 224-603-8345 (FAX)
dseidman@seidmanlaw.net
*Attorney for Plaintiff*